## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LINDA JUMONVILLE**                                 **CIVIL ACTION**

**VERSUS**                                           **NO. 22-3751**

**PROGRESSIVE SECURITY**                             **SECTION: "H"(2)**
**INSURANCE COMPANY ET AL.**

## ORDER AND REASONS

Before the Court are Defendants' Motion in Limine to Exclude Testimony of Plaintiff's Expert Gregg Nichols (Doc. 18); and Plaintiff's Motion in Limine to Exclude Testimony of Defendant's Expert Ronald Campana (Doc. 17).  For the following reasons, the Motions are **GRANTED**.

## BACKGROUND

This case arises out of injuries sustained by Plaintiff Linda Jumonville while she was a guest passenger on a 32-foot pontoon boat owned and operated by Defendant, Gary Mercer, Sr. on Lake Verret in Assumption Parish, Louisiana. Plaintiff alleges that, while attempting to trailer the vessel after a day of boating, Defendant negligently struck the boat on the trailer, and she

1

was thrown overboard. Plaintiff has brought claims for her injuries against Mercer and his insurer, Progressive Security Insurance Company.

In support of her claim that Defendant was negligent, Plaintiff obtained an expert report on marine safety from Captain Gregg Nichols. Defendant likewise retained Captain Ronald Campana to opine on the cause of the accident. Plaintiff and Defendant have each filed a Motion in Limine to exclude the opposing party's expert for substantially similar reasons. The Court considers each report in turn.

## LEGAL STANDARD

The admissibility of expert testimony is governed by Federal Rule of Evidence 702, which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharms., Inc.*,[1] and *Kumho Tire Co. v. Carmichael*.[2] The threshold inquiry is whether the expert possesses the requisite qualifications to render opinion on a particular subject matter.[3] Having defined

---

[1] 509 U.S. 579 (1993).

[2] 526 U.S. 137 (1999).

[3] Wagoner v. Exxon Mobil Corp., 813 F. Supp. 2d 771, 799 (E.D. La. 2011); *see also* Wilson v. Woods, 163 F.3d 935, 937 (5th Cir. 1999) ("A district court should refuse to allow

2

the permissible scope of the expert's testimony, a court next inquires whether the opinions are reliable and relevant.[4] In undertaking this tripartite analysis, courts must give proper deference to the traditional adversary system and the role of the jury within that system.[5] "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[6] As the "gatekeeper" of expert testimony, the trial court enjoys broad discretion in determining admissibility.[7]

## LAW AND ANALYSIS

Defendants' marine safety expert, Captain Ronald Campana, opines that Plaintiff's negligent conduct caused her own injuries and that Mr. Mercer did not violate any law, regulation, or standard of care in his operation of the vessel. Plaintiff argues that Capt. Campana should be excluded because his opinion consists of conclusory legal opinions; fails to use scientific, technical, or specialized knowledge; and is unhelpful to the trier of fact.

Similarly, Plaintiff's marine safety expert, Captain Gregg Nichols, opines that Defendant Mercer was negligent in his operation of the vessel while trying to load it onto a trailer and that he failed to properly warn Plaintiff to hold on to the handrails. Defendants argue that Capt. Nichols should be excluded because his opinion consists of conclusory legal opinions; fails to use

---

an expert witness to testify if it finds that the witness is not qualified to testify in a particular field or on a given subject.").

[4] *See* United States v. Valencia, 600 F.3d 389, 424 (5th Cir. 2010).

[5] *See Daubert*, 509 U.S. at 596.

[6] *Id.*

[7] Wellogix, Inc. v. Accenture, L.L.P., 716 F.3d 867, 881 (5th Cir. 2013).

scientific, technical, or specialized knowledge; and is unhelpful to the trier of fact.

This Court agrees with both parties that the expert opinions of Capt. Campana and Capt. Nichols are deficient in identical ways. Both experts appear to regurgitate the version of facts promulgated by the party who obtained their services and then reach conclusory legal opinions based on those facts. It does not appear that "expertise of any kind was required or used to render" these opinions.[8] Further, expert testimony should be disallowed where the trier of fact can "adeptly assess this situation using only their common experience and knowledge."[9] This is especially true where, as here, the matter will be tried to the bench.[10] The Court has reviewed both expert reports and finds that they offer nothing beyond common-sense conclusions regarding this rather basic personal injury case. Accordingly, neither expert will be permitted to testify at the bench trial.

## CONCLUSION

For the foregoing reasons, the Motions are **GRANTED**, and the expert opinions of Ronald Campana and Gregg Nichols are excluded.

---

[8] Thomas v. Glob. Explorer, LLC, No. 02-1060, 2003 WL 943645, at *2 (E.D. La. Mar. 3, 2003).

[9] Peters v. Five Star Marine Serv., 898 F.2d 448, 450 (5th Cir. 1990).

[10] Taylor v. B&J Martin, Inc., 611 F. Supp. 3d 278, 283 (E.D. La. 2020) ("[E]xpert testimony should be excluded in a bench trial if the Court finds that the proffered testimony deals only with common sense issues with which the Court, in its role as trier of fact, needs no expert assistance to resolve.").

New Orleans, Louisiana this 17th day of June, 2024.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**